UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00138

**MICHAEL BAIRD**                                                                  **PLAINTIFF**

**v.**

**PINE BLUFF SAND
AND GRAVEL COMPANY**                                                              **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's first and supplemental motions for summary judgment. Def.'s Mots. Summ. J., Docket Numbers ("DN") 19, 27. The Plaintiff has not responded to either motion. Sufficient time to respond has passed, and the Court will consider the Defendant's motions without the benefit of a response by the Plaintiff. For the following reasons the Defendant's motions are GRANTED.

**I.**

In this case the Court is called to decide if a genuine dispute exists as to whether the Defendant owned the tugboat that caused the Plaintiff's injuries. Because the Plaintiff has failed to respond to the Defendant's motions for summary judgment, and because the Defendant has presented evidence that it did not own the tugboat, the Court holds that there is no genuine dispute and the Defendant is entitled to judgment as a matter of law because it had no duty to protect the Plaintiff from a tugboat it did not own.

**II.**

Before detailing the facts of this case, a review of its procedural posture is warranted. On April 9, 2012, the defendant, Pine Bluff Sand and Gravel Company ("Pine Bluff") filed its first motion for summary judgment. Def.'s Mot. Summ. J., DN 19. On May 1, 2012, two days

before the response deadline, Plaintiff Michael Baird ("Baird") asked the Court to withhold its decision until Pine Bluff answered Baird's interrogatories and requests for production.  Pl.'s Resp., DN 21.  Two days later, on May 3, 2012, Baird moved for an extension of time to respond to Pine Bluff's motion for summary judgment.  Pl.'s Mot. for Extension, DN 23.  The Court granted Baird's motion and ordered him to file a response brief by July 20, 2012.  Order of June 6, 2012, DN 26.  Even after an extension of nearly three months Baird still has not filed a response.  On July 26, 2012, Pine Bluff filed a supplemental motion for summary judgment, reasserting the grounds expressed in its original motion.  Def.'s Supplemental Mot. Summ. J., DN 27.  As of the date of this memorandum opinion Baird has not responded to either motion for summary judgment.  Accordingly, the Court will proceed without the benefit of a response by Baird.  Even drawing all reasonable factual inferences against Pine Bluff, the issues in this case remain fact-intensive, and failure to respond is detrimental to Baird's case.

### III.

Prior to suffering the injuries he alleges, Plaintiff Michael Baird was employed as a welder by SMS Machine and Fabrication, LLC ("SMS").  In this position, Baird was dispatched to third-party job sites where he performed welding-related services.  Baird was supervised and instructed by SMS while working on these jobs sites and was never under the direction or authority of the third-parties who contracted with SMS.

On August 19, 2010, Baird was working for SMS at the Cumberland River Quarry in Livingston County, Kentucky.  The quarry is owned by Defendant Pine Bluff and sits on the banks of the Cumberland River.  Although most of the work Baird performed at the quarry was land-based, on the day in question he was tasked with removing certain structures from a stationary barge located on the river adjacent to the quarry.  Pine Bluff owned this barge and

used it in connection with its quarry operations. The work required Baird and another SMS employee to ascend a scaffolding platform located six-feet above barge's deck. While working atop the scaffolding, Baird claims that the barge was stuck by a tugboat operating in the vicinity of the quarry. The impact caused Baird to lose his balance, and he fell from the top of the scaffolding onto the barge's deck. Baird was injured in the fall and now seeks to recover from Pine Bluff for his injuries.

Baird asserts only one cause of action: that Pine Bluff owned the tugboat and that the company's negligent and reckless operation of the vessel caused his injuries. *See* Compl., DN 1-2, ¶ 4. Pine Bluff moves for summary judgment on the grounds that it is not liable for Baird's injuries because it did not own, operate, or otherwise control the tugboat. In all, Pine Bluff claims that this is simply a case of mistaken identity and that Baird has not produced evidence demonstrating that the company owned or operated the tugboat that struck the barge. Because it did not own the tugboat or otherwise have control over it, Pine Bluff argues that it had no duty to protect Baird, and in the absence of such a duty, is entitled to summary judgment.

**IV.**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.

*Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ."  Fed. R. Civ. P. 56(c)(1).  Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## V.

Pine Bluff removed this case to federal court on the basis of diversity jurisdiction.  But where injuries arise out of a collision between two vessels on navigable waters, it is clear that the Court's admiralty jurisdiction is implicated.  *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 677 (1982) ("[A] complaint alleging a collision between two vessels on navigable waters properly states a claim within the admiralty jurisdiction of the federal courts.").  "With admiralty jurisdiction comes the application of substantive admiralty law."  *E. River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 864 (1986); *see Donais v. Green Turtle Bay, Inc.*, No. 5:10-CV-167, 2012 U.S. Dist. LEXIS 14534, at *8-14 (W.D. Ky. Feb. 7, 2012) ("'[T]he substantive rules of admiralty law will apply to a case if it falls within the Court's admiralty jurisdiction, regardless of whether or not the parties actually invoked that jurisdiction.'" (quoting *Bodnar v. Hi-Lex Corp.*, 919 F. Supp. 1234, 1236 (N.D. Ind. 1996)).  Accordingly, maritime law governs this case.

"Under general maritime law, the elements of negligence are generally the same as common law negligence, i.e. duty, breach, causation, and damages." *Hartley v. St. Paul Fire & Marine Ins. Co.*, 118 Fed. App'x 914, 919 (6th Cir. 2004) (citations omitted). Therefore, even where the Court is sitting in admiralty, Baird must still establish and prove each of these elements in order to recover against Pine Bluff for negligence.

Pine Bluff's motion for summary judgment must be granted because Baird has failed to present evidence that Pine Bluff owed or otherwise controlled the tugboat that struck the barge. To be clear, Baird's cause of action rests solely on his allegations that "a second vessel operated by Pine Bluff negligently and recklessly collided with the stationary barge upon which [Baird] was working." Compl., DN 1-2, ¶ 4.[1] In contrast to these allegations, evidence Pine Bluff submitted with its motions for summary judgment shows that Pine Bluff did not own or operate the tugboat. And if Pine Bluff did not own, operate, or otherwise have any control over the vessel, then the company had no duty to protect Baird from it. Absent a duty extending from Pine Bluff to Baird, the negligence claim fails as a matter of law.

To prove that it did not own the tugboat, Pine Bluff relies heavily on the affidavit of Jay Canada. *See* Aff. Jay Canada, DN 19-5. Mr. Canada offers four critical pieces of testimony. First, on the date of the accident he was familiar with the company's operation by virtue of his position as Pine Bluff's Safety and Human Resource Manager. *Id.* at 1. Second, Pine Bluff "did not own and/or operate any towing vessels that shifted barges in and/or out of the Cumberland

---

[1] Baird's deposition testimony confirms that his theory of recovery is based solely on Pine Bluff's ownership or control of the tugboat in question. The following exchange highlights this fact:

> Counsel for Pine Bluff:   Let me ask you this, Mr. Baird. Other than the fact that this tugboat or barge hit the barge that you were working on, did anything else happen that caused or contributed to this accident that you sustained?
>
> Michael Baird:   No, sir.

Dep. Michael Baird, DN 19-4, 197:5-10.

5

River Quarry on August 19, 2010." *Id.* at 2.  Third, any barges moved in to or out of the quarry on August, 19, 2010, "would have been shifted by towing vessels owned and/or operated by third parties entities, and would not have been shifted by any vessels owned and/or operated by [Pine Bluff]." *Id.*  Finally, Pine Bluff "did not direct or control the operations of the towing vessels that shifted barges to and from the Cumberland River Quarry on August, 19, 2010 . . . ." *Id.*

By virtue of his position with Pine Bluff, Mr. Canada is in a better position than Baird to testify to the ownership and operation of the tugboat at issue.  Without presentation of some evidence to the contrary, Mr. Canada's testimony demonstrates that there is no genuine dispute as to whether Pine Bluff owned the tugboat.  Pine Bluff has presented evidence establishing that it did not own the vessel, and the burden falls on Baird to rebuff the company's evidence.

Baird has not responded to Pine Bluff's motions for summary judgment, and the Court need not search the record for evidence to salvage his case.  In the interest of giving due consideration to the limited evidence, however, the Court addresses two pieces of testimonial evidence that are favorable to Baird.  First, in his answers to Pine Bluff's interrogatories Baird claims that "[Pine Bluff's] tug boat struck the barge I was working on[,]" and that "Pine Bluff owned the tug boat and they owned the barge I was working on."  Pl.'s Answers to Def.'s Interrog., DN 19-3, pp. 6-7.  Second, Baird's deposition testimony is that Pine Bluff owned the tugboat.  When asked whether he saw a name or other identifying markings on the side of the boat, Baird did not answer the question directly but instead replied, "It was Pine Bluff Sand and Gravel Company barge, *as far as I knew*.  [They were] the only people loading and unloading that day.  It was their tug[].  They operate all of the stuff out there, so - -" Dep. Michael Baird, DN 19-4, 166:17-24 (emphasis added).  Furthermore, although Baird could not remember the exact color of the tugboat, he stated, "I'm sure [the boat] was Pine Bluff's." *Id.* at 167:10-11.

6

Even drawing all reasonable inferences against Pine Bluff, Baird's testimonial evidence is insufficient to raise a genuine dispute as to whether the company owned the tugboat. Baird's testimony merely reasserts the allegations contained in his complaint without offering other evidence that would raise a genuine dispute as to the ownership of the vessel. Jay Canada's affidavit, on the other hand, is evidence that Pine Bluff did not own or operate the tugboat. Mr. Canada, by virtue of his position at the company, has knowledge of Pine Bluff's operations, and the Court is persuaded by his testimony. Because Baird has not responded or presented evidence to the contrary, there is no genuine dispute as to the ownership of the tugboat. The evidence before the Court shows that Pine Bluff did not own or operate the vessel.

This case is analogous to the situation previously before this Court in *Dawson v. Bristol Laboratories*. In that case the plaintiffs claimed that the "defendants were responsible for manufacturing, publicizing, distributing and selling tetracycline-based drugs which the plaintiffs ingested during their teeth-forming years." *Dawson v. Bristol Labs.*, 658 F. Supp. 1036, 1038 (W.D. Ky. 1987). The drugs allegedly discolored the plaintiffs' teeth. *Id.* Two of the defendants, Upjohn and Rexall, moved for summary judgment because the plaintiffs had not presented evidence that they consumed versions of the drugs produced by these companies. *Id.* at 1042-43. With regard to Upjohn, the plaintiffs testified that the tetracycline they ingested was "red, orange or pink in color and was contained in a clear bottle or container." *Id.* at 1042. Upjohn then "presented proof, uncontradicted by the plaintiffs, that the forms of tetracycline which it manufactured were either yellow or orange in color, and were contained in amber colored bottles." *Id.* Regarding Rexall, one the plaintiffs stated that the drugs she ingested bore the name Aureomycin or Achromycan. *Id.* at 1043. Rexall presented proof that it only sold the drugs under the brand name Rexamycin. *Id.* Again, the plaintiff did not present any evidence to

7

contradict these facts.  Accordingly, the Court granted summary judgment to Upjohn and Rexall.

In the present case, Pine Bluff presented evidence showing that it did not own or operate the vessel in question.  Although Baird alleges in his complaint, in his answers to interrogatories, and in his deposition testimony that Pine Bluff owned the tugboat, he has produced no evidence in response to the affidavit of Jay Canada that would raise a genuine dispute regarding who owned the vessel.  Upon a motion for summary judgment, it is the non-moving party's responsibility to come forward with evidence which will demonstrate a genuine issue of material fact.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  It is that party's burden to produce "evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Because Baird failed to respond or otherwise produce evidence countering the affidavit of Jay Canada, Pine Bluff's motions for summary judgment will be granted.

## CONCLUSION

Defendant Pine Bluff Sand and Gravel Company moves for summary judgment against Plaintiff Michael Baird.  For all of the foregoing reasons Pine Bluff's motion is GRANTED.  An separate order shall issue.